**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| IN RE : | |
| : | **Chapter 13** |
| **MICHAEL W. TOMLIN,** : | **Case No. 15-20852** |
| : | **Judge Tracey N. Wise** |
| **Debtor** : | |
| _____ : | |
| : | |
| **MICHAEL W. TOMLIN,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| vs. : | **Adv. No. 15-2029** |
| : | |
| **THE BANK OF NEW YORK MELLON,** : | |
| **et al.** : | |
| : | |
| **Defendants** : | |
| _____ : | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the Memorandum Opinion and Order [ECF No. 70] previously entered herein, the Court reserved ruling on statute of limitations defenses set forth in The Bank of New York Mellon's ("BONY") and Ocwen Loan Servicing, LLC's ("Ocwen," and together with BONY, "BONY Defendants") Motion to Dismiss [ECF No. 26] and in Saxon Mortgage Services, Inc.'s ("Saxon")[1] Motion for Summary Judgment [ECF No. 51] pending further briefing by the parties to assist the Court in determining the applicable law governing the statute of limitations determination. The Court extended the time within which the Plaintiff Michael W. Tomlin ("Plaintiff" or "Tomlin") could file his brief and no brief was filed. The Defendants' briefs were timely filed. [ECF Nos. 71, 72.] For the reasons set forth below, Plaintiff's

---

[1] Plaintiff's claims against Rosio Duran were dismissed by the prior Memorandum Opinion and Order.

defamation and tortious interference with contractual relations claims will be dismissed; however, his claims for breach of contract and fraud will remain pending.

## I. Kentucky's Borrowing Statute

The Court ordered briefing on the applicability of Kentucky's borrowing statute, K.R.S. § 413.320, to determine which state law provides the applicable statutes of limitations for Plaintiff's remaining claims. The borrowing statute provides:

> When a cause of action *has arisen in another state* or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

KY. REV. STAT. § 413.320 (emphasis added). A three-step analysis is used to determine whether the statute applies:

> (1) we must determine whether the cause of action accrued in another state; (2) if the cause of action did accrue in another state, we must determine whether that state's statute of limitations for the particular cause of action is shorter than Kentucky's; (3) if the accrual state's statue [sic] of limitations is shorter than Kentucky's, we apply the statute of limitations of the accrual state; however, if the statute of limitations for the cause of action in that state is longer than Kentucky's, we apply Kentucky's shorter statute.

*Willits v. Peabody Coal Co.*, Nos. 98-5458, 98-5527, 1999 WL 701916, at *12 (6th Cir. Sept. 1, 1999), *cited in Swanson v. Wilson*, 423 F. App'x 587, 593 (6th Cir. 2011)). Stated simply, if the action accrued in a state other than Kentucky, the shortest statute of limitations applies. If the action accrued in Kentucky, Kentucky's statute of limitations applies.

For purposes of analyzing the borrowing statute, Kentucky law determines where the cause of action accrued. *Conway v. Portfolio Recovery Assocs., LLC*, 13 F. Supp. 3d 711, 716 (E.D. Ky. 2014) (citing *Cope v. Anderson*, 331 U.S. 461, 466-67 (1947)). The Kentucky Supreme Court has explained:

> Although we have often discussed *when* an action accrues, we have less frequently addressed the question of *where*, for purposes of KRS 413.320, the cause of action accrued. It is clear however that *where* an action "accrues" is inextricably intertwined with *when* it accrues. "The place where a cause of action arises is the place where the operative facts that give rise to the action occur . . . . [I]t is the happening of the last of such facts which brings the cause of action into existence[.]" *Helmers v. Anderson*, 156 F.2d 47, 50 (6th Cir. 1946). *Helmers* further explains:
>
>> The time when a cause of action arises and the place where it arises are necessarily connected, since the same act is the critical event in each instance. *The final act which transforms the liability into a cause of action necessarily has both aspects of time and place. It occurs at a certain time and in a certain geographical spot.*
>
> *Id.* at 51 (emphasis added). Because "when" a cause of action accrues is closely connected to "where" it accrues, knowing when the "final act" occurred that ripened the matter into a cause of action aids in ascertaining *where* the cause of action accrued.

*Abel v. Austin,* 411 S.W.3d 728, 736 (Ky. 2013) (alterations in original) (footnote omitted) (citation omitted). Against this background, the Court addresses each remaining claim.

## II.   Plaintiff's Remaining Claims against the Defendants and Analysis under the Motion to Dismiss Standard

As reviewed in the Memorandum Opinion and Order, a motion filed pursuant to "Rule 12(b)(6) will be granted if . . . the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 513 (6th Cir. 2010).

> Further, although the statute of limitations and *res judicata* are affirmative defenses, "[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In particular, dismissal on the basis of an affirmative defense is appropriate where "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and "the facts so gleaned . . . conclusively establish the affirmative defense."

*Hudson v. Genesee Intermediate Sch. Dist.*, No. 14-11939, 2015 WL 128030, at *2 (E.D. Mich. Jan. 8, 2015) (alterations in original) (quoting *Banco Santander De Puerto Rico v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 16 (1st Cir. 2003)); *see also La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) ("a Rule 12(b)(6) dismissal on statute

3

of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." (citation omitted) (internal quotation marks omitted)). Thus, where and when the causes of action accrued for purposes of applying the appropriate statute of limitations must be ascertainable from the allegations of the Complaint or such other documents which the Court may consider given the procedural posture of this matter.

     A. <u>Defamation [Compl. ¶ 77] against the BONY Defendants</u>

Tomlin's defamation claim is based on BONY and Saxon[2] filing a foreclosure action in a state court in Florida in 2008 which Tomlin alleges defamed him because he was not delinquent in his mortgage payments. There is no dispute that the defamation claims as alleged accrued in Florida.

Kentucky's statute of limitations for defamation claims is one year and is shorter than Florida's two year limitations. *See* KY. REV. STAT. § 413.140(1)(d); FLA. STAT. § 95.11(4)(g); *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-Orl-41KRS, 2016 WL 872936, at *3 (M.D. Fla. Feb. 17, 2016) ("[i]n Florida, an action for defamation must be commenced within two years…."). Thus, under the borrowing statute, Kentucky's shorter statute of limitations applies. The limitation period runs from the date of first publication. *See Taylor v. Jackson Lewis LLP*, No. 3:13CV1088-S, 2014 WL 4494254, at *3 (W.D. Ky. Sept. 10, 2014) (cause of action for defamation accrues at the time of publication which marks the beginning of the running of the statute of limitations). The Complaint alleges BONY wrongfully filed a foreclosure action in May 2008, more than seven years prior to this action being filed. Plaintiff's defamation claim [Compl. ¶¶ 77] against the BONY Defendants must be dismissed.[3]

---

[2] The defamation claim against Saxon was dismissed in the Memorandum Opinion and Order.

[3] If Florida's longer two-year statute applied, the result is the same because under Florida law, the cause of action also accrued at the time of publication in May 2008. *See* FLA. STAT. § 770.07 (cause of action for libel or slander accrues at time of publication).

4

B. <u>Breach of Contract [Compl. ¶¶ 104-05] against the BONY Defendants and Saxon</u>

The Complaint alleges that between October 2009 and February 2010, BONY, through Saxon, breached the 2009 Settlement Agreement[4] by paying Tomlin's property taxes to a county taxing authority in Florida and then imposing an escrow account. [Compl. ¶¶ 104-05].[5] In relevant part, the 2009 Settlement Agreement provides that "Defendant shall henceforth not require escrow payments for property tax and insurance *as long as those are paid directly by Plaintiff*." [Mem. Op. & Order 8 (emphasis added).] The Defendants contend that the cause of action accrued in Florida where the tax payments were received by the taxing authority. Alternatively, Saxon suggests that if the action accrued when the escrow was imposed, then the action accrued in Texas where Saxon is located or in Florida where Saxon sent notices of the escrow charges to the property address.

Under Kentucky law, the elements for breach of contract are: (1) the existence of a contract between the parties, (2) a breach of that contract, and (3) damages. *Tex. Capital Bank, N.A. v. First. Am. Title Ins. Co.*, 822 F. Supp. 2d 678, 683 (W.D. Ky. 2011).

Pursuant to the borrowing statute, to determine which state's statute of limitations applies,[6] the Court must first determine where the cause of action accrued, which in turn is determined by where the final act creating the cause of action is done. *See Helmers*, 156 F.2d at 50 ("[a]lthough it may be necessary that a number of separate facts exist in order to create a

---

[4] The terms of the 2009 Settlement Agreement are set forth in full in the Memorandum Opinion and Order. [Mem. Op. & Order 8-9.]

[5] The BONY Defendants do not seek dismissal of the breach of contract claims stated in paragraphs 107-109 on statute of limitations grounds.

[6] Kentucky's statute of limitations for breach of a contract executed prior to July 15, 2014, is fifteen years. KY. REV. STAT. § 413.090(2). Florida's shorter limitation period is five years. FLA. STAT. § 95.11(2)(b). Texas's even shorter limitation period is four years. *See Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (applying four-year-period set forth in catch-all provision, TEX. CIV. PRAC. & REM. CODE ANN. § 16.051, to breach of contract action)).

cause of action . . . it is the happening of the last of such facts which brings the cause of action into existence").

No Kentucky courts have analyzed where a breach of contract occurred under the specific facts presented in this case. The Kentucky cases addressing where a claim accrued based on when and where money was paid involve situations where a party was obligated to make a payment but either did not do so or paid an incorrect amount, and the ensuing action was between those parties.[7] Here, it is alleged BONY and/or Saxon paid property taxes to a county taxing authority in Florida. Tomlin alleges they were not obligated (or authorized) to pay the taxes or establish the escrow—this is the alleged breach. However, the taxing authority was not a party to the allegedly breached contract nor was it the injured party. Under the facts alleged here, the Court finds that Tomlin's injury was not complete, and his cause of action was not ripe, until the alleged improper escrow was imposed, at which time damages were ascertainable. *See Conway*, 13 F. Supp. 3d at 717, 718 ("In determining when a cause of action accrues, Kentucky courts in several cases have also looked to when the *injury* occurred" and "the injury occurred when the damages were ascertainable."); *Abel*, 411 S.W.3d at 736 ("knowing when the 'final act' occurred that ripened the matter into a cause of action aids in ascertaining *where* the cause of action accrued").

Contrary to Saxon's argument, the Complaint contains no information on where the escrow was imposed. Saxon argues in a footnote that if the Court decides the action accrued when and where the escrow was imposed, then because Saxon is a Texas corporation, the action accrued in Texas and is barred by that state's shorter four-year statute of limitations. Although Saxon's state of incorporation is reflected in the Complaint, there is no allegation concerning

---

[7] *See Conway*, 13 F. Supp. 3d 711 (debtor failed to make payments on a credit card); *Abel*, 411 S.W.3d 728 (attorneys failed to pay clients the full amount of settlement funds to which the clients were entitled); *Willits*, 1999 WL 701916 (debtor failed to pay the full amount of royalty payments).

where the escrow was established—or even where the Defendants conducted business and/or which Defendant's business location would control the analysis.

The BONY Defendants' Motion to Dismiss and Saxon's Motion for Summary Judgment with respect to the breach of contract claims [Compl. ¶¶ 104-05] is denied.

C. Fraud [Compl. ¶¶ 114-16] against the BONY Defendants

The Complaint alleges that the BONY Defendants committed fraud as follows:

> Count Two:  April 2008 – When the BANK OF NEW YORK, by way of SAXON MORTGAGE, INC., took Mr. Tomlin's March 2008 payment and applied it toward erroneous past due payments and fees.
> . . . .
> Count Three:  April 2008 – When the BANK OF NEW YORK, by way of SAXON MORTGAGE INC., sent written notification to Plaintiff stating that Plaintiff missed (3) three payments in the amount of $5061.34 and would be proceeding with foreclosure.
> . . . .
> Count Four:  May 2008 – When the BANK OF NEW YORK, by way of SAXON MORTGAGE, INC., filed foreclosure documents enacted on the allegations that Mr. Tomlin had not made a mortgage payment since February of 2008 and that there were charges that had not been paid.

[Compl. ¶¶ 114-16]. The Complaint alleges injuries of emotional duress, undue stress, and lost time associated with the alleged fraud but does not state when the injuries occurred. The BONY Defendants contend that the injuries are the final element of Tomlin's fraud claims. They further contend that because those injuries are personal to Tomlin, they occurred in Florida where they contend Tomlin resided in 2008.[8]

In Kentucky, fraud is established by showing six elements: "a) material representation, b) which is false, c) known to be false or recklessly made, d) made with inducement to be acted upon, e) acted in reliance thereon, and f) causing injury." *Farmers Bank & Tr. Co. of*

---

[8] Kentucky's statute of limitations for a fraud action is five years. KY. REV. STAT. § 413.120(11). Florida's limitations period for fraud is four years. FLA. STAT. § 95.11(3)(j).

7

*Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (citing *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)).

The BONY Defendants' contention that the cause of action accrued in Tomlin's state of residence is consistent with the case law. *See Swanson v. Wilson*, 423 Fed App'x 587, 596 (6th Cir. 2011) (action for fraud resulting in economic loss accrues at victim's place of residence where it is "felt"). A portion of Tomlin's alleged injuries (lost time) may have resulted in an economic loss felt by Tomlin at his place of residence. In addition, alleged emotional duress and undue stress are injuries felt by a plaintiff that may also accrue at his place of residence. However, neither the date of the alleged injuries nor where Tomlin resided at any particular time is "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *Hudson*, 2015 WL 128030, at *2 (citation omitted).

The BONY Defendants' Motion to Dismiss the fraud claims [Compl. ¶¶ 114-16] is denied.

    D. <u>Tortious Interference with Contractual Relations [Compl. ¶¶ 128-30] against the BONY Defendants and Saxon</u>

Tomlin asserts a claim for tortious interference with contractual relations based on the BONY Defendants and/or Saxon allegedly informing his insurer on three separate occasions (January 28, 2008, February 2009 and Spring 2011) that his residence was vacant and/or subject to foreclosure or foreclosed upon. [Compl. ¶¶ 128-30.] According to Tomlin, the notifications were unfounded and resulted in cancellation of the property insurance on his Florida property. The Complaint alleges that the insurance was wrongfully cancelled on an unknown date in 2008 [Compl. ¶ 128], in June 2009 [Compl. ¶ 130], and in spring 2011 when Tomlin received "notification from his homeowners property insurer that the policy "is *now cancelled . . . .*"

[Compl. ¶ 129 (emphasis added).] The Defendants contend that the final act giving rise to Tomlin's claims, cancellation of the insurance policy, occurred in Florida where the property is located and thus, for purposes of the borrowing statute, Tomlin's tortious interference with contract claim accrued in Florida.[9] The Court agrees.

Under Kentucky law,

> A claim for tortious interference with contractual relations has six elements: (1) the existence of a contract; (2) knowledge of this contract; (3) intent to cause a breach; (4) conduct that caused the breach or prevented the contract from coming into being; (5) damages; and (6) lack of privilege or justification to excuse the conduct.

*Griffin v. Jones*, --- F. Supp. 3d ----, 2016 WL 1092879, at *7 (W.D. Ky. Mar. 21, 2016).

In Florida, the limitations period for tortious interference is four years. FLA. STAT. § 95.11(3)(o). In Kentucky, the limitations period is five years. KY. REV STAT. § 413.120(6) (providing five year statute of limitations for "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated."); *Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 11-110-DLB, 2012 WL 4329265, at *12 (applying five-year catch-all limitation period to claim for intentional interference with contract).

Similar to the fraud claim, damages or injury is the final act giving rise to a tortious interference with contract claim. Here, the alleged injury was the cancellation of the policy which resulted in the injury to Tomlin's Florida property; i.e., its uninsured status. Thus, the cause of action accrued in Florida and Florida's shorter four-year statute of limitation applies.

---

[9] Relying on *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978), the BONY Defendants argue that Kentucky's one-year limitation period applies because the claims for tortious interference are based, at least in part, on the allegedly wrongful notification that the property was vacant or subject to foreclosure/bankruptcy which in essence are defamatory in nature. The Court finds this argument without merit. Tomlin's tortious interference with contractual relations claims are not based on the same "publication" as his defamation action (the foreclosure filing); rather, they are based on specific notifications to the insurer of allegedly inaccurate information resulting in cancellation or failure to renew his insurance policies.

The Complaint alleges three incidents, all related to the same property.  Pursuant to the Complaint, the last contract was cancelled in spring 2011.  Under Florida's shorter four-year statute of limitations, Tomlin's tortious interference with contract claims [Compl. ¶¶ 128-30] are time-barred because he failed to bring them prior to spring 2015.

**ORDER**

**IT IS HEREBY ORDERED** that the Motion to Dismiss [ECF No. 26] and the Motion for Summary Judgment [ECF No. 51] are granted in part and denied in part as follows:

A.   Tomlin's causes of action stated in paragraphs 77 (defamation) and 128-30 (tortious interference with contractual relations) are dismissed with prejudice.

B.   The BONY Defendants' Motion to Dismiss is denied with respect to the following claims:

> 1. Breach of contract claims set forth in paragraphs 104-05 of the Complaint.
> 2. Fraud claims set forth in paragraphs 114-16 of the Complaint.

C.   Saxon's Motion for Summary Judgment is denied with respect to the breach of contract claims set forth in paragraphs 104-05 of the Complaint to the extent the claims are based on events that occurred after November 13, 2009.

**IT IS FURTHER ORDERED** that a pretrial conference will be held on at **11:00 a.m. on August 8, 2016, in the United States Bankruptcy Court, Room #306, 35 West 5th Street, Covington, Kentucky**, with respect to the following claims which remain pending in this adversary proceeding:

> 1. Breach of contract claims set forth in paragraphs 104-05[10] and 107-09 of the Complaint.
> 2. Fraud claims set forth in paragraphs 114-16 and 122-23 of the Complaint.

---

[10] For purposes of clarity, the only claims remaining against Saxon are the breach of contract claims set forth in paragraphs 104-05 of the Complaint, to the extent the claims are based on events that occurred after November 13, 2009.

3. Intentional infliction of emotional distress claim set forth in paragraph 125 of the Complaint.

11

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: **Thursday, June 23, 2016**
(tnw)